UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KELDA PRICE AND KEVIN WELLS
*real party in interest* AARON PRICE;
*real party in interest* BETHANY PRICE
*real party in interest* PATRICK PRICE

VERSUS

EAST BATON ROUGE SCHOOL BOARD;
JOHN DILWORTH; DONNA WALLETE;
WAYNE MESSINA; JEAN HARTLEY.

CIVIL ACTION

NO. 10-323 JJB

## **RULING ON MOTION TO DISMISS AND MOTION FOR RELIEF FROM JUDGMENT**

Plaintiffs bring this suit under Title VI of the Civil Rights Act of 1964, the Boy Scouts of America Equal Access Act, the No Child Left Behind Act of 2001, and the 14th Amendment. Defendants have filed a motion to dismiss (doc. 8) pursuant to F.R.C.P. 12(b)(6) and the issues have been sufficiently briefed. Plaintiff also brings a motion for relief from judgment (doc. 28) regarding their Supplement to Petition (doc. 17). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331 *et seq*. There is no need for oral argument.

### **Background**

On May 7, 2010, Plaintiffs, proceeding *pro se*, filed a petition for damages. (Doc. 1). Plaintiffs allege the Defendants, the school district encompassing the Plaintiffs' school as well as the superintendant, the school's principal, a teacher, and the school's head of security, took various actions that violated the Acts and amendment cited above. These alleged acts include: preventing the minor Plaintiffs from being enrolled at Magnolia Woods Elementary School in March, 2008 and repeatedly rejecting their

1

enrollment thereafter; forcing one of the minor Plaintiffs to sleep on the floor; tampering with the grades of another minor Plaintiff and "needlessly" sending that child to detention; giving false information to security in order to have the adult Plaintiffs blocked from entering the school; destroying or taking Black History materials; forcing African American and Hispanic children to walk over a mile to be picked up by buses; keeping a minor Plaintiff from joining certain clubs and preventing her from joining gifted and talented programs. (Doc. 1). They claim these actions were taken in retaliation for a suit filed in this Court in 2008 (08-cv- 462) against some of the same defendants. That suit was dismissed on a motion from the defendants under Federal Rule of Civil Procedure 12(b)(6). (08-cv-462, doc. 35).

## Analysis

In deciding whether to grant a motion to dismiss for failure to state a claim, a district court must accept the facts of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. Moreover, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. Defendants have pointed to language from this Court's prior application of *Twombly*, namely that "if the plaintiffs have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." (Doc. 8-1 at 4, *citing Swindle v. Livingston Parish School Board*, 06-837, Ruling on Motion to Dismiss, doc. 66). Thus, conclusory allegations will not be sufficient to survive a motion to dismiss. *Drs. Bethea,*

*Moustoukas and Weaver, LLC v. St. Paul,* 376 F.3d 399, 403 (5th Cir. 2004). This Court further notes that a plaintiff's subjective opinion is incompetent evidence to establish his claim of discrimination. *Swanson v. General Services Admin.*, 110 F.3d 1180, 1189 (5th Cir. 1997). Plaintiffs' claims under each Act and amendment will be examined under this standard.

1. **Civil Rights Act of 1964**

The Court addressed this issue in Plaintiffs' prior suit (08-642). The Court incorporates its reasons from its Ruling on Motion to Dismiss (08-642, doc. 35) and finds the Plaintiffs have again failed to state a claim under which relief can be granted. Assuming they have established the prima facie elements of a Title VI claim, they again fail to allege specific instances of discrimination in either their complaint or in their response. Though they make some allegations or mistreatment of minorities, they do not allege that these minorities were treated differently than similarly situated children "solely on the basis of national origin, color, or race." *DeLeon v. City of Dallas*, 2008 WL 2941245 at 3 (N.D. Tex. July 25, 2008). In short, even if all claims in the petition are true, the Plaintiffs have not stated a claim under the Civil Rights Act of 1964 upon which relief can be granted. The claims under this Act are dismissed.

2. **Boy Scouts of America Equal Access Act**

Although Plaintiffs did not mention in their complaint, they assert in their opposition to the motion to dismiss (doc. 9) that the minor female Plaintiffs are members of the girl scouts and are therefore entitled to the protections afforded under the BSAEA. Defendants argue that the plain language of the statute does not provide an avenue of relief for the Plaintiffs.

The Court finds the Plaintiffs have failed to state a claim under the BSAEA upon which relief can be granted. First, Plaintiffs have not stated any facts to show how the school prevented the minor female Plaintiffs from joining the girl scouts, unless the girl scouts are run by the school system (which Plaintiffs have not alleged). Further, the statute clearly states that no public school that receives federal money "shall deny equal access or a fair opportunity to meet to, or discriminate against, *any group* officially affiliated with the Boy Scouts of America, or *any other youth group* listed in Title 36" that wishes to meet in the schools public forum. 20 U.S.C. § 7905(b)(1) (emphasis added). The purpose of the statute seems to be to prevent discrimination against groups such as the boy scouts and girl scouts. It does not mention anything about the school preventing students from joining. Plaintiffs have not nudged their claims across the line to being plausible. Plaintiffs' claims under this Act are dismissed.

### 3. No Child Left Behind Act

Defendants argue in their motion that the No Child Left Behind Act does not create a private of action and is only enforceable by the agency charged with administering it. This is a correct recitation of the law as determined by the Supreme Court. *Horne v. Flores*, 129 S.Ct. 2579, 2598 (2009). Plaintiffs' claims under this Act are dismissed.

### 4. Fourteenth Amendment

The Court finds that the Plaintiffs have failed to state a claim under these theories. The allegations do not rise to a constitutional level and, even if they did, the Plaintiffs have state court remedies available to them to pursue their claims.

### 5. Res Judicata

Defendants claim the claims made in this suit barred by res judicata. The Court finds that, even if Plaintiffs had stated a claim upon which relief could be granted, insofar as the alleged incidents involve refer to claims made in the 2008 suit that was dismissed, Plaintiffs would barred from re-litigating them in this suit. This would seem to include all of the claims involving Aaron Price and Bethany Price but not Patrick Price, who was not a named Plaintiff in the prior suit.

### 6. Plaintiffs' Motion for Relief from Judgment

The Court denies the motion for relief from judgment (doc. 28) as frivolous.

### Conclusion

Based on the above discussion, defendants' motion to dismiss (doc.8) is hereby **GRANTED**. Plaintiffs' claims are therefore dismissed. To the extent plaintiffs have stated any state law claims in their petition for damages, the Court declines to exercise jurisdiction over those claims. The Plaintiffs are advised and warned that any furtherSeptember 13, 2011.filings that the Court deems frivolous will result in monetary and/or other sanctions.

Signed in Baton Rouge, Louisiana, on September 8, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**